**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

ROBERT P. BENAVIDES,      )
                                 )
          Plaintiff,    )
    v.                   )          1:08-cv-1500-LJM-TAB
                                 )
SUPERINTENDENT MIZE et al.,  )
                                 )
         Defendants.   )

**Entry Discussing Motion for Summary Judgment**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to plaintiff Robert Benavides' claims in this civil rights lawsuit brought pursuant to 42 U.S.C. § 1983. The defendants seek summary judgment based on their argument that the plaintiff did not comply with the foregoing requirement of the PLRA.

The administrative remedy process in place at the time of the incident Benavides complains of begins with the first step of the offender attempting to resolve his complaint informally by contacting an appropriate staff member within five working days of the incident. If the informal complaint is not resolved in a manner that satisfies the offender, he can pursue the issue through the two-step formal grievance process.

After initially filing what was rejected as defective grievance, Benavides filed a Step 1 grievance in which he complained about being assaulted by other inmates after he was removed from protective custody. As relief, he sought "whatever is warranted." Grievance Specialist Timothy Nickles investigated the grievance and determined that after the altercation, Benavides had been confined to his cell and protected from contact with the general prison population. Nickels then provided Benavides with a form to withdraw his grievance and Benavides signed the withdrawal form on October 7, 2008. That form states: "The issue that I am grieving has been resolved to my satisfaction prior to the completion of the Grievance Specialist Investigation. I understand that no further action or investigation will take place by either the Grievance Office or the Facility." On October 10, 2008, Nickles received another grievance from Benavides on the same issue requesting as relief "return to protective custody and a lot of money." Nickles returned this grievance to Benavides because the issue had been previously resolved. On October 23, 2008, Benavides filed an appeal from the grievance that he had withdrawn. The response to that appeal was that no further action would be taken because he had withdrawn the grievance.

Based on these facts, the court concludes that Benavides failed to exhaust his available administrative remedies. Benavides opposes the summary judgment sought by the defendants based on his assertion that he trusted the grievance officer's good faith in tendering that acknowledgment. This is an estoppel argument that does not pass the sniff test. Even if estoppel applied to the exhaustion requirement, a question the Seventh Circuit has avoided, Benavides fails to meet its elements. To establish estoppel, Benavides would have to show: (1) a misrepresentation, (2) reasonable reliance on that misrepresentation, and (3) a detriment stemming from that reliance. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). Here, Benavides cannot establish the second element of estoppel – that he reasonably relied on any alleged misrepresentation. The language of the withdrawal is clear that no further action on the issue is expected or will be taken. Benavides does not claim to have been intellectually deficient in comprehending what he was doing, nor that he was emotionally unsuited at that moment to make a rational, voluntary, knowing, and intelligent decision. Benavides made the decision and took the action to withdraw his grievance and he is bound by it. Having voluntarily chosen not to exhaust his administrative remedies, he cannot go forward with this lawsuit.

The defendants have met their burden of demonstrating that Benavides failed to properly exhaust available administrative remedies prior to filing this suit. Their motion for summary judgment (dkt 22) is therefore **granted**. The nature of the disposition shall be in accord with *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004): "We therefore hold that all dismissals under § 1997e(a) should be without prejudice."

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/05/2010 _____

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana